# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60435
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2016

Lyle W. Cayce
Clerk

AHMED OULD SOUFI OULD SOUFI,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 735 208

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ahmed Ould Soufi Ould Soufi, a native and citizen of Mauritania, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the immigration judge's (IJ) 2013 denial of his application for asylum and withholding of removal. Soufi contends: (1) the IJ's and BIA's adverse-credibility determination was not supported by substantial evidence; (2) he established past persecution and a well-founded fear of future

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60435

persecution if he returns to Mauritania; and (3) he is eligible for humanitarian asylum. He maintains he suffered past persecution because he and his wife are members of different castes, and will be subject to future persecution for the same reason if he returns. Additionally, he contends his daughter may be subject to female genital mutilation. (Soufi does not challenge the denial of his request for protection under the Convention Against Torture; accordingly, it is abandoned. *See, e.g., Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).)

Because the BIA based its decision in part on the IJ's reasoning, our court may review the findings of both the BIA and IJ for substantial evidence. *E.g., Wang v. Holder,* 569 F.3d 531, 536 (5th Cir. 2009). In that regard, Soufi must demonstrate the evidence compels a contrary conclusion to that reached by the BIA and IJ. *Id.* at 536–37. An IJ's credibility determination is reviewed under a highly deferential standard, and the IJ "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible". *Id.* at 538 (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (emphasis in original)). Nevertheless, "an adverse credibility determination must be supported by specific and cogent reasons derived from the record". *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

The IJ determined Soufi was not credible, based in part on his conflicting testimony about his detention by law enforcement in Mauritania. In one account, he stated he was not beaten, while in another he recounted repeated, violent beatings. The IJ was free to rely on the inconsistencies in making its credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That inconsistency, coupled with Soufi's differing accounts of how he spent his time with his wife in Morocco, provided specific, cogent reasons for the IJ to reach an adverse credibility determination. *See Zhang*, 432 F.3d at 344.

2

No. 15-60435

Even assuming, *arguendo*, the IJ found Soufi credible, he failed to establish past persecution.  His three-day detention by law enforcement, regardless of whether the physical abuse occurred, does not establish such persecution.  *See Tesfamichael v. Gonzales*, 469 F.3d 109, 117 (5th Cir. 2006) (upholding a BIA determination that an alien's arrest and one-month detention was "unpleasant and unduly prolonged but not brutal", and did not constitute past persecution).  Moreover, he has not shown the verbal harassment by his wife's family was so extreme that he required protection. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

Similarly, Soufi has not established a well-founded fear of future persecution if he returns to Mauritania.  Although country reports note the division among castes, and the possibility of persecution and physical violence based on intercaste relationships, his fear of future persecution is speculative. He relies on a letter written by his father, stating Soufi received threats from his father-in-law.  The letter, however, is equivocal, and Soufi was not harmed by his wife's family while in Mauritania.  Accordingly, he has not established a well-founded fear of future persecution. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005).

Therefore, the IJ's and BIA's determination Soufi was ineligible for asylum is supported by substantial evidence.  *See Zhang*, 432 F.3d at 344. Because he cannot meet the substantial-evidence burden for his asylum claim, the determination he is ineligible for withholding of removal should also be upheld.  *E.g., Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012).

Because Soufi fails to show past persecution or fear of future persecution, and in the light of his speculative assertion his daughter may be subject to female genital mutilation in Mauritania, he has not established eligibility for

No. 15-60435

humanitarian asylum. *See* 8 C.F.R. § 208.13(b)(1)(iii)(A)–(B); *Shehu v. Gonzales*, 443 F.3d 435, 440–41 & n.6 (5th Cir. 2006).

DENIED.